Todd Christopher Atkins (CA Bar No. 208879)
tatkins@siprut.com
SIPRUT PC
701 B Street, Suite 1170
San Diego, CA 92101
619.255.2380

Joseph J. Siprut (pro hac vice application to be filed)
jsiprut@siprut.com
SIPRUT PC
17 North State Street, Suite 1600
Chicago, IL 60602
312.236.0000

*Attorneys for Plaintiff Red Pine Point LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Red Pine Point LLC, | Case No. |
|---|---|
| Plaintiff, | **Complaint for Patent Infringement** |
| v. | |
| Sony Network Entertainment International LLC and Magnolia Pictures LLC, | |
| Defendants. | |

Plaintiff Red Pine Point LLC ("Red Pine"), by its undersigned attorneys, for its Complaint against Defendant Sony Network Entertainment International LLC ("Sony" or "Defendant") and Magnolia Pictures LLC ("Magnolia" or "Defendant"), states as follows:

## NATURE OF THE ACTION

1. This is a patent-infringement action by Red Pine against Sony, an online retailer, and Magnolia, a movie distributor. As detailed below, Red Pine has been harmed by

Complaint for Patent Infringement                    1

Sony's and Magnolia's unlawful use of Red Pine's patents for commercial purposes.

## JURISDICTION AND VENUE

2.  This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq. This court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.  This Court may exercise personal jurisdiction over Sony and Magnolia pursuant to the California long-arm statute. Sony and Magnolia conduct continuous and systematic business in California and this District. For example, Sony offers its service in this District. Sony's service PlayStation Network Video allows users to download and view feature length films like *The Extra Man* before the films are publicly available to view in movie theaters or on DVD. As will be described below, these patent-infringement claims arise directly from Sony's and Magnolia's continuous and systematic activity in this District. This Court's exercise of jurisdiction over Sony and Magnolia would thus be consistent with California law and traditional notions of fair play and substantial justice.

4.  Venue is proper under 28 U.S.C. §§ 1391(b)(3) and 1400(b).

## PARTIES

*Plaintiff*

5.  Red Pine is a limited liability company organized under the laws of Nevada. Red Pine's principal place of business is located in Wadsworth, Ohio.

*Defendants*

6.  Sony is a corporation organized under the laws of Delaware. Sony's headquarters are located in Los Angeles, California. Among other things, Sony operates a website that includes the service PlayStation Network Video, which allows consumers to view feature-length films on their mobile devices before the films are released in theaters.

Complaint for Patent Infringement     2

7. Magnolia is a limited liability company organized under the laws of Texas. Magnolia's headquarters are located in New York, New York. Among other things, Magnolia distributes movies throughout the United States by allowing consumers to purchase and view movies before the movies are released in theaters.

## FACTUAL BACKGROUND

8. Red Pine owns United States Patent 8,521,601 (the "'601 patent").

9. The field of the invention of the '601 patent is movie distribution. Movies have historically been distributed by leveraging the period of time when the public may only view the movie in a theatre. Thus, the movie distributor risked substantial capital to promote the movie, maximize box office sales, and prolong the exclusive period during which the movie was only available for viewing in the theater.

10. This historic method of movie distribution posed a number of challenges and missed opportunities. For example, promoting a movie in order to drive box office sales is expensive and time-consuming. In addition, and obviously, not all movies have the same potential at the box office. The target audience of *The Extra Man* is not the same as the target audience of *Avatar* or *Titanic*.

11. The '601 invention provides a solution. By segmenting the movie distribution market and determining which movies' potential at the box office does not warrant the same promotional effort, companies may distribute movies like *The Extra Man* to hand-held devices before *The Extra Man* is publicly available for viewing in theaters or on DVD.

## CLAIM ALLEGED

*Count 1: Direct Infringement Against Sony*

12. Red Pine repeats the allegations of paragraphs 1 through 11 of this Complaint as though fully alleged herein.

Complaint for Patent Infringement 3

13. Red Pine is the exclusive owner of the '601 patent, which is attached as Exhibit 1.

14. The '601 patent is valid and enforceable.

15. Sony directly infringes claims of the '601 patent. Sony makes, uses, sells, and offers for sale products, methods, equipment, and services that practice claims 1 and 4 of the '601 patent.

16. For example, and without limiting the '601 patent claims that will be asserted in this action or the Sony services accused of infringing the '601 patent claims, the distribution of *The Extra Man* infringes claim 1 of the '601 patent.

17. Claim 1 is a method of displaying "an advertisement to purchase a feature length film (FLM) before the FLM is publicly available to view in movie theaters and before the FLM is publicly available to buy on digital video disks (DVDs) . . . ." Sony advertised *The Extra Man* for purchase before the movie was publicly available to view in movie theaters and before the movie was publicly available to buy on DVD.

18. The method of claim 1 involves displaying a movie trailer for the FLM. Sony displayed a movie trailer for *The Extra Man*.

19. When practicing claim 1, you sell the FLM for purchase with "handheld portable electronic devices (HPEDs) before the FLM is publicly available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs." Sony sold *The Extra Man* for purchase before *The Extra Man* was in the theaters and before *The Extra Man* was publicly available on DVD.

20. The claim 1 method involves wirelessly transmitting and downloading of the FLM. Sony did this with respect to sales and rentals of *The Extra Man*. These sales and rentals were also "downloaded to the HPEDs such that the FLM plays on the HPEDs at times

Complaint for Patent Infringement 4

decided by the individuals viewing the FLM with the times being before the FLM is publicly available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs . . . ."

21.     Sony practiced the remaining steps of claim 1 because *The Extra Man* was distributed to movie theaters and is greater than sixty minutes long.

*Count 2: Infringement by Inducement Against Magnolia*

22.     Magnolia has knowledge of '601 patent and nonetheless actively induces Sony to directly infringe the '601 patent.

23.     Magnolia's knowledge of the '601 patent is based on, among other things, Red Pine notifying Magnolia of the '601 patent no later than February 11, 2014 and specifically describing how Magnolia's distribution infringed the '601 patent. Notwithstanding this knowledge, Magnolia specifically intends that Sony infringe the '601 patent and Magnolia knows that Sony's acts constitute infringement.

24.     Magnolia has a contractual relationship with Sony. According to this relationship, Sony is directly infringing claims of the '601 patent. Magnolia induces each of these infringements.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

### REQUEST FOR RELIEF

WHEREFORE, Red Pine prays for the following relief against Sony and Magnolia:

(A)     Judgment that Sony has directly infringed claims of the '601 patent claims;

(B)     Judgment that Magnolia has induced the direct infringement of the '601 patent claims.

---

Complaint for Patent Infringement             5

      (C)     For a reasonable royalty;

      (D)     For pre-judgment interest and post-judgment interest at the maximum rate allowed by law; and

      (E)     For such other and further relief as the Court may deem just and proper.

Date: <u>October 27, 2014</u>                  Respectfully submitted,

<u>/s/ Todd c. Atkins</u>
Todd Christopher Atkins (CA Bar No. 208879)
tatkins@siprut.com
SIPRUT PC
701 B Street, Suite 1170
San Diego, CA 92101
619-255-2380

Joseph J. Siprut (*pro hac vice* pending)
jsiprut@siprut.com
SIPRUT PC
17 North State Street, Suite 1600
Chicago, Illinois 60602
312.236.0000

---

Complaint for Patent Infringement       6